UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CRAIG GEBO,<br><br>        Plaintiff,<br><br>v.<br><br>THOMAS M. HODGSON, et al.,<br><br>        Defendants. | Civil Action No.<br>14-12239-IT |

## MEMORANDUM AND ORDER

**TALWANI, D.J.**

For the reasons stated below, this action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

### BACKGROUND

This prisoner civil rights action was initiated by Craig Gebo while he was in custody at the Bristol County House of Correction. See Docket. At that time, the Clerk assigned the action to Magistrate Judge Bowler pursuant to the Court's Program for Random Assignment of Civil Cases to Magistrate Judges. Id.

By Memorandum and Order dated July 11, 2014, Gebo's motion for leave to proceed in forma pauperis was denied without prejudice to refiling with his prison account statement and Gebo was advised that his complaint is subject to dismissal. See Docket No. 5. The Memorandum and Order explained that his complaint against Sheriff Hodgson is subject to dismissal because nowhere in the complaint does Gebo allege facts indicating that the defendant's action injured him. Id.

The July 11, 2014 Memorandum and Order stated that failure of plaintiff to comply with the directives in the Order may result in the dismissal of this action. Id. The Court's records indicate that plaintiff has not filed a response to the July 11, 2014 Memorandum and Order.

On November 3, 2015, this action was randomly reassigned to the undersigned. See Docket No. 7.

## DISCUSSION

Under Federal Rule of Civil Procedure 41(b), a court may dismiss a claim "for failure of the plaintiff to prosecute or to comply with these rules or any order of the court." See Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962). This authority flows from a Court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. Id. at 629-31.

Magistrate Judge Bowler issued a show cause order advising plaintiff of both the filing fee and pleading requirements for this action. See Docket No. 5. The July 11, 2014 Memorandum and Order granted plaintiff 42 days to (1) either pay the filing fee or file an Application to Proceed in District Court Without Prepaying Fees or Costs, and (2) show cause why this action should not be dismissed. Id. To date, plaintiff has failed to comply with the directives of this Memorandum and Order. Accordingly, the Court will dismiss this action without prejudice pursuant to Rule 41(b) for failure to follow an order of the Court.

## ORDER

Based upon the foregoing, it is hereby ORDERED that this action be, and it hereby is, DISMISSED without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**So ordered.**

                                             /s/ Indira Talwani
                                             Indira Talwani
                                             United States District Judge

Dated:  November 5, 2015